Joga SINGH, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71165.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

**112**

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Alison Marie Igoe, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Joga Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the order of an immigration judge ("IJ") denying his applications for asylum and withholding of deportation. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222–23 (9th Cir.2002). We review the IJ's decision as the final agency determination, *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003), and we review for substantial evidence any adverse credibility determination, *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). We grant the petition for review.

Substantial evidence does not support the IJ's adverse credibility determination because the record does not support the IJ's finding that there were important discrepancies or inconsistencies in Singh's written and oral statements about his political activities in India and the circumstances of his five arrests. To the extent such inconsistencies existed, Singh explained them, and the IJ offered no reason for rejecting those explanations. *See Garrovillas v. INS,* 156 F.3d 1010, 1013–14 (9th Cir.1998) (holding that an adverse credibility finding was not supported by substantial evidence where the IJ did not address petitioner's explanation for the identified discrepancy). For example, there was no inconsistency in Singh's account of his arrests because Singh explained that he had reported in his asylum application the official reasons police gave for detaining him, while his testimony explained the political activities that led to the arrests.

Because the IJ did not have a legitimate basis for questioning Singh's credibility, and because the corroboration the IJ demanded was not easily available, Singh's failure to provide such corroboration could not be an alternative basis for rejecting his testimony. *See Sidhu v. INS,* 220 F.3d 1085, 1090–92 (9th Cir.2000).

We therefore remand this matter to the BIA for a determination, accepting Singh's testimony as credible, whether Singh is eligible for asylum or withholding of deportation, and for the exercise of discretion whether to grant his asylum application. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.